## Pirchesky v. Pirchesky

*Victor E. Riva* and *Robert L. Ceisler*, for plaintiff.
*Melvin B. Bassi*, for defendant.

McCune, J., October 22, 1965.—This matter reaches us on exceptions to the first and final account filed by a receiver appointed by this court following the dissolution of a partnership and a liquidation of the assets thereof.

Exceptions were taken by counsel representing Bernard Pirchesky, plaintiff in the proceeding, to the following items claimed as credits by the receiver:

| Date | Payee | Description | Amount |
|------|-------|-------------|--------|
| a. 9/18/64 | Matthew L. Cowell, Constable | Guarding property in custody of Receiver | $210 |
| b. 9/26/64 | Matthew L. Cowell, Constable | Guarding property in custody of Receiver | 210 |
| c. 10/1/64 | Matthew L. Cowell, Constable | Guarding property in custody of Receiver | 150 |
| d. 5/14/65 | Roy I. Carson, Esq. | Legal counsel for Receiver | 600 |

There was an exception filed to the receiver paying a claim of Selma Allen in the amount of $2,488.61, but we understand that counsel of record have now agreed that this claim should be paid in full, so we will make no disposition of this matter.

There was also an exception filed to the receiver paying a claim of Mellon National Bank and Trust Company in the amount of $2,116, plus costs. Counsel for the bank has withdrawn this claim by letter filed of record, so we need not make any disposition of this exception.

Item (a), the payment to Matthew L. Cowell on Sep-

tember 18, 1964, in the amount of $210, has been agreed to by counsel, and it has been removed from controversy.

We hereby approve payments made to Matthew L. Cowell on September 26, 1964, in the amount of $210, and October 1, 1964 in the amount of $150, and dismiss the exceptions to these credits because the receiver considered it necessary to guard the property he had sold at public sale until the date of closing the transaction and delivering possession. The public sale took place September 12, 1964, and settlement took place October 1, 1964. Since real estate was involved, the settlement took place within a reasonable time, and since personal property was involved, the discretion of the receiver in paying for guards at the rate of $1.25 per hour will not be interfered with. He apparently considered guards necessary so that the property would be intact at the time of settlement.

This leaves the question of an attorney's fee in controversy, the amount which is $600.

The receiver is Howard F. Carson, an able member of our bar who was appointed receiver September 6, 1963, whereupon he undertook the administration and liquidation of the assets of the partnership known as the Charleroi Scrap Iron Company. He continued this work without counsel until January 9, 1964, when he requested his father Roy I. Carson, who until that date had been a member of this court, to assist him as legal counsel. At a hearing held on the exception, Judge Carson detailed the work done in assisting his son, which, according to expert witnesses, would have a value in excess of the $600 claimed.

Leave of court was not requested before counsel was employed. In fact, on July 20, 1964, the receiver requested leave of court to expose the assets to public sale and, at motion and rule court, presented an order authorizing such sale and the employment of a licensed auctioneer to conduct said sale. The court authorized

the sale and authorized the employment of the auctioneer, but inserted in the order a provision that the receiver should not employ counsel. The receiver apparently did not object to this order, nor did he reveal that he had already sought legal assistance. This order was not excepted to and has remained in effect specifically forbidding the employment of counsel. It is apparent, therefore, that the receiver had no privilege to employ counsel from July 20, 1964 onward.

Whether he could employ counsel prior to July 20, 1964, without permission of the court is open to question. Exceptants argue that the fact that Judge Carson was acting as counsel for his son was not known to them or to anyone other than the receiver until the account was filed. In other words, although he may have been assisting the receiver, he had not been identified as counsel and had not communicated as counsel with any of the interested parties. The receiver argues that notwithstanding this, he considered help necessary and the attorney he chose was helpful to him.

There is a discussion in 45 Am. Jur. 221, §285, respecting the privilege of a receiver to employ counsel. It appears that the matter is entirely within the discretion of the court, because a receiver cannot make any contract for hire which is binding on the court, and it is the function of the court to determine both the necessity for counsel and the compensation to be allowed. Where the receiver is himself an attorney, he is, in most jurisdictions, not entitled to counsel except by special order of court. See 64 A. L. R. 1541.

In our judgment, the receiver should have applied to the court for permission to hire counsel. He is himself an experienced attorney who knew that counsel representing plaintiff was likely to contest his employment of counsel. There was considerable detail, however, in this liquidation, and we have some regard for the burden the receiver carried.

Notwithstanding what we have said, we will, therefore, award the receiver extra compensation sufficient to pay counsel on a pro rata basis, i.e., for the period between January 9, 1964, and July 20, 1964, which is approximately one third of the period involved, and, therefore, award the receiver $200 additional compensation.